In the Matter of Geneva A., an Infant. Rebecca L.-T., Appellant; Administration for Children's Services, Respondent. [889 NYS2d 484]—

Geneva, the subject child, was born in 2002. When she was six days old, Community Counseling and Mediation (hereinafter CCM) placed her with the petitioner. The parental rights of Geneva's biological parents' were terminated in October 2005. In June 2007 the petitioner, who had continuously cared for Geneva, filed a petition to adopt Geneva. In support of her petition she included, inter alia, a report prepared by an investigator for the Administration for Children's Services (hereinafter ACS). The report indicated that the ACS investigator had a very favorable impression of the petitioner, observed that Geneva was happy, and noted that the petitioner and Geneva had a loving relationship.

On June 21, 2007, the petitioner appeared before a judicial hearing officer. Although the petitioner twice stated that she wanted to finalize the adoption that same day, the court urged her to seek a more substantial adoption subsidy based on Geneva's special needs before finalizing the adoption. During this appearance, the petitioner criticized CCM for failing to address Geneva's needs at an earlier stage.

The petitioner's relationship with CCM subsequently soured. Although the record on appeal contains no evidence that CCM was dissatisfied with the petitioner's care of Geneva prior thereto, subsequently, CCM consistently found fault with the petitioner's behavior. Additionally, two witnesses stated that CCM did not provide the petitioner with resources to correct any alleged parenting issues. At a May 1, 2008, permanency hearing, CCM informed the Family Court that it no longer considered the petitioner to be an adoptive resource, and that it planned to remove Geneva from her home.

Upon receipt of a notice indicating that CCM intended to remove Geneva from the petitioner's home, the petitioner sought and obtained an independent review. After hearing from numerous witnesses, including a CCM representative, the Inde-

pendent Review Officer (hereinafter the IRO) issued a decision on August 4, 2008, stating that Geneva should remain in the petitioner's home, and directing CCM to consider providing additional services to the petitioner.

Following the independent review, the attorney for the child sent letters to the Family Court dated September 25, 2008, and October 21, 2008, respectively, in which she opposed the adoption of Geneva by the petitioner. The Family Court dismissed the adoption petition shortly after receiving the second letter. It is unclear whether the Family Court had access to the IRO's August 4, 2008, decision prior to issuing its October 23, 2008, order dismissing the adoption petition.

The record reflects that the petitioner has made some parenting missteps. The courts, however, "have not demanded perfection in adoptive parents" (*Matter of George L. v Commissioner of Fulton County Dept. of Social Servs.*, 194 AD2d 955, 956 [1993]). Under the circumstances of this case, the Family Court erred in dismissing the adoption petition without a hearing on the merits after receiving the two letters from the attorney for the child (*see Matter of Omar*, 277 AD2d 387 [2000]; *Matter of Tymell*, 275 AD2d 327 [2000]; *Matter of Jamel B.*, 261 AD2d 542 [1999]; *Matter of Gerald T.*, 211 AD2d 17, 22 [1995]). Dillon, J.P., Santucci, Florio and Hall, JJ., concur.